Field v. Stubblefield.

*H. C. O'Bryan* for appellant.

*Smith & Krauthoff* and *R. A. Hatcher* for respondent.

---

FIELD *et al.* v. STUBBLEFIELD, *Appellant.*

**Fraud**: ACTION UPON ACCOUNT: AGENCY: PARTNERSHIP: EVIDENCE. In an action upon an account for merchandise sold, where it is sought to connect the defendant with the purchaser of the goods by showing by circumstantial evidence that the latter acted as defendant's partner and general agent and clerk, and that he ordered other goods and signed defendant's name to notes, and managed mills and threshing machines for defendant, it is error to admit in evidence, to show that defendant bought the goods or ordered them to be bought for him, notes given by defendant to other parties, and notes made by other parties to strangers, and an interplea by defendant, claiming a threshing machine and its earnings, in a suit between the purchaser of the goods and a third party.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Crews & Booth* for appellant.

Respondents' evidence showing that Wildfong was a general agent of appellant was irrelevant, because there was no evidence that the goods sold by respondents were purchased in the name of appellant or for him, or that they were received by or for him, or that in dealing with respondents Wildfong acted as agent. Had the court kept this evidence of agency from the jury, the jury could not have made the mistake of finding for respondents, or if they had, the court could not have made the mistake of allowing the verdict to stand.

*W. L. Byersdorff* for respondents.

There was evidence to support both the theory of appellant and respondents. The jury heard the evidence and found for respondents, and its verdict should be allowed to stand.

Ewing, C.—This was a suit on an account for $163.65 for the alleged sale by plaintiffs to the defendant of certain merchandise. The answer is a denial of every allegation in the petition.

This case must be reversed, on account of irrelevant and incompetent evidence admitted by the circuit court on behalf of the plaintiff. The only direct evidence in the case upon the question of the sale and purchase of the merchandise sued for, is: (1) That of James A. Field, one of the plaintiffs, who says: "I received some orders from J. D. Wildfong, Dundee, Franklin county, Missouri, for goods. The goods ordered were shipped in the regular way to J. D. Wildfong, at Dundee, Missouri. * * * The bill sued for is a true and correct bill of the amount J. D. Wildfong is owing to said firm. I know all from my own knowledge that the goods were shipped to J. D. Wildfong in the regular course of business. J. D. Wildfong at different times sent us

letters promising to pay for the goods, but he failed to do so." (2) That of J. D. Wildfong, who said, in substance, that he ordered the goods for himself, and in his own name, and still owned them, and had given his note for them; that defendant had nothing to do with the purchase, and that witness, at the time, had no connection whatever with the defendant, and had never been in partnership with him, or invested in any firm in which defendant was concerned. (3) The evidence of the defendant, who denied having bought the goods, or ordered them, or authorized the witness, Wildfong, to order them; that he did not receive them, and did not own them.

The plaintiffs undertook to connect the witness, Wildfong, with defendant as a partner and general agent by circumstantial evidence, by showing that the witness acted as clerk in defendant's store, and ordered goods when needed, and signed the name of defendant to notes; and by running and managing mills and threshing machines at various times for defendant. The plaintiffs offered one Springate as a witness, and he was permitted to swear that he was present at a trial as to the ownership of a threshing machine, in which defendant testified he was the owner of the machine. The court permitted plaintiffs to read in evidence an interplea of defendant in an attachment suit before a justice of the peace in the case of *Herndon v. Wildfong*, in which he laid claim to certain moneys for threshing which had been garnisheed. Plaintiffs were permitted to read in evidence a note dated in 1876, made by Wildfong and Stubblefield & Company to the Washington Savings Bank. Also, two notes dated in 1875, in favor of Nichols, Shepard & Company, signed by Wildfong and William Bray and Richard Bray.

A very wide range is allowable in investigating questions of fraud, but these papers read in evidence in this case go beyond any legitimate inquiry, especially in a case in which appears such slight foundation for the

claim, by any direct testimony. Notes given by Stubblefield & Company to other parties, and, indeed, notes made by other parties to strangers, and nothing whatever to connect them with defendant, are certainly not competent to be considered by a jury as to whether or not defendant bought the goods sued for, or ordered them to be bought for him; more especially when the plaintiff, himself, swears he sold the goods to another man, and shipped them in the regular course of business. The fact that defendant, in an interplea, claimed a threshing machine and claimed its earnings as his own, is not legitimate evidence to be considered by a jury, who are trying to ascertain whether or not defendant bought goods from plaintiffs, in the absence of any fact connecting the two transactions. The inquiry, we think, in this case, was permitted to extend too far, and facts were offered which in no wise tended to prove the issues.

The judgment below is reversed and the cause remanded. All concur, except Henry, C. J., absent.